UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 2:17-CR-169-GSL-JEM

DAVID P. GEARY

## OPINION AND ORDER

This matter is before the Court on Defendant David P. Geary's Motion for Compassionate-Release [DE 134]. The motion has been fully briefed, [*see* DE 142; DE 145], and is now ripe for judgment. For the reasons stated below, the Court **DENIES** Defendant's motion.

## BACKGROUND

Because Defendant's conduct is described in full in paragraphs 9 through 64 of the Pre-Sentence Report [DE 41], the Court will provide only a brief summary here. Defendant admitted to sexually abusing two minor victims within his custody and control over a period of several years, as well as to producing child sexual abuse material of a minor under the age of twelve. To prevent the minors from divulging the abuse, Defendant threatened and intimidated them. [DE 41 at ¶¶ 41, 43, 48, 52]. Defendant was charged with production of child pornography under 18 U.S.C. §§ 2251(a), (e), and after pleading guilty was sentenced to a 292-month term of imprisonment. Defendant will be eligible for release in August of 2038.

## LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), the Court may modify a prisoner's sentence where the Court finds "extraordinary and compelling reasons" for doing so, and where the judge has considered any applicable policy statements from the Sentencing Commission and reviewed the

criteria of 18 U.S.C. § 3553(a) "to the extent that they are applicable."[1] "The use of 'may' is quintessential discretionary language." *United States v. Sutton*, 962 F.3d 979, 986 (7th Cir. 2020). Where a request for compassionate-release is made by the prisoner himself, as opposed to requests made by the Bureau of Prisons, none of the Sentencing Commission's policy statements apply. *See United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021) (citing *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020)). For a prisoner to bring his own motion for compassionate-release, however, the prisoner must fully exhaust all administrative rights to appeal (if the request is denied) or wait "30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A); *United States v. Sanford*, 986 F.3d 779, 781–82 (7th Cir. 2021). In addition, "the movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). "Only after finding an extraordinary and compelling reason for release need the judge, as part of 'exercising the discretion conferred by the compassionate-release statute, . . . consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner.'" *Ugbah*, 4 F.4th at 597 (quoting *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021)).

## DISCUSSION

As a threshold matter, it appears, and the Government does not contest, that Defendant fully exhausted his administrative remedies before bringing his motion for compassionate-release. Defendant submitted his request for compassionate-release to the warden of Thompson

---

[1] Under § 3582(c)(1)(B), an alternate route for compassionate-release is available in which a defendant is at least seventy years old, has served at least thirty years in prison, pursuant to a sentence imposed under 18 U.S.C. § 3559(c), for the offense(s) for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of others or the community, as prescribed by 18 U.S.C. § 3142(g). As the Defendant here is only fifty-eight years old [*see* DE 134 at 4], this path is unavailable to him.

FCI on December 15, 2025. [DE 134-2 at 1]. On January 12, 2026, the Warden of Butner FMC denied the request, stating that Defendant did not have a life expectancy of less than eighteen months and that he was independent with his self-care. [*Id.* at 2; DE 142 at 3]. Defendant thereafter submitted this motion on February 9, 2026. Thus, the exhaustion requirement under § 3582(c)(1)A) has been satisfied. *See United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021).

Turning to the merits of the request, Defendant seeks both a reduction of his sentence to time served and a transfer of supervision to a residential address in Griffith, Indiana. [DE 134 at 6]. To determine whether the request should be granted, the Court must find (1) that Defendant has identified an "extraordinary and compelling reason" warranting release; and (2) if so, that the sentencing factors under § 3553(a) weigh in favor of reducing the sentence. *See Thacker*, 4 F.4th at 576.

Defendant begins by arguing the existence of the following circumstances demonstrating extraordinary and compelling reasons for release under the Federal Sentencing Guidelines: (A) where the defendant is suffering from a terminal illness or advanced illness with an end-of-life trajectory, such as metastatic solid-tumor cancer; and (B) where the defendant has serious medical conditions substantially diminishing his ability to provide self-care in prison, with lack of recovery expected. [*Id.* at 2]. *See* U.S.S.G. § 1B1.13(b)(1)(A), (B)(i), (B)(iii). He explains that these criteria are met because (1) around October 1, 2025, he was diagnosed with Stage IVB prostate cancer that is metastatic to the spine, ribs, sternum, and bone marrow; (2) the medical prognosis provides him with eight to twenty-four months to live, even with treatment; and (3) the metastases severely limit movement, function, immune response, and make provision of adequate and timely care in the prison extremely difficult. [DE 134 at 3; DE 134-2 at 10–17].

Defendant also asserts that he is at minimal risk of recidivism and has demonstrated outstanding rehabilitative efforts, having completed over thirty educational courses and several psychological programs, and having maintained nearly continuous employment while in incarceration. [DE 134 at 3; DE 134-2 at 18–20]. *See* § 1B1.13(d) (noting that while rehabilitation "is not, by itself, an extraordinary and compelling reason," rehabilitation "while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted").

Next, Defendant argues that the § 3553(a) factors supports a reduction. [DE 134 at 4]. Under § 3553(a), the Court must consider the offense's circumstances; the defendant's history; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and deter criminal conduct; and protection of the public from further crimes by the defendant. With regard to these factors, Defendant notes the following: (1) his age (fifty-eight years old) and current medical condition greatly diminish any risk of violence or public danger; (2) he took responsibility for his actions, pled guilty to the offenses charged, accepted the consequences, and made efforts at rehabilitation; (3) the purposes of sentencing (retribution, deterrence, protection of the public) have largely been satisfied given the time served (nearly forty percent of the imposed sentence) and his advanced illness; and (4) further incarceration, in light of the severity of his physical deterioration, would impose extraordinary hardship without any commensurate benefit to the goals provided by § 3553(a). [*Id.*]. Defendant also contends that he has a release plan in place to stay at a probation-approved residence in Griffith, Indiana, whose owner is willing to assist in home care and provide transportation to medical appointments. [*Id.* at 5]. Defendant also states that he intends to receive medical treatment through the Department of Veteran Affairs. [*Id.*].

4

In response, the Government, despite contesting both Defendant's ability to provide self-care while incarcerated and that his condition cannot be treated within the Bureau of Prisons, ultimately concedes that Defendant's health condition could be found to be extraordinary. [DE 142 at 4–5]. That said, though, the Government asserts the § 3553(a) factors continue to weigh in favor of incarceration and that Defendant remains a danger to the community. [*Id.* at 5–6].

First, the Government directs the Court's attention to several cases nationwide in which similarly situated defendants were denied release where the criminal conduct in question, like that committed here, was extreme. [*See id.* at 6–7 (collecting cases)]. Looking at the nature and circumstances of the offense, the Government notes that Defendant's violation included a multiyear molestation—prolonged through intimidation and threats—of minor family members within his care and custody and that Defendant has served less than half of his sentence for production of child sexual abuse material. [*Id.* at 7]. Next, looking at the history and characteristics of the Defendant, the Government states that Defendant does not present any changed information from when he was initially sentenced, and that the history and characteristics applicable at the time of Defendant's sentencing remain applicable today. [*Id.* at 8]. In addition, the Government highlights that the danger Defendant could pose to any children remains high, and that his prognosis only aggravates his dangerousness given the reduced incentive to refrain from committing future abuse. [*Id.*]. The Government also argues that releasing Defendant before he has even served half of his sentence would only diminish the seriousness of his crime, would not provide just punishment or promote respect for the law, would fail to provide sufficient deterrence to others, and would undermine the purpose of ensuring the safety of the public against future crimes or harm. [*Id.*].

Finally, the Government takes issue with Defendant's proposed release plan, stating that it provides little information about the person he plans to stay with, whether children live within the home, and whether he would be placed in situations around other children. [*Id.* at 9]. Furthermore, the Government contends that the residence's location is suboptimal, as there are at least five elementary schools within a two-mile radius. [*Id.*].

Based on the totality of these considerations, the Court is persuaded that while Defendant's medical condition could qualify as an extraordinary and compelling reason for sentence reduction, and assuming the Court were to find such an extraordinary and compelling reason present here, the § 3553(a) factors do not support reducing Defendant's sentence, let alone a total release from incarceration. The heinousness and gravity of Defendant's criminal conduct cannot be overstated. Defendant sexually abused, intimidated, and threatened young, vulnerable family members within his custody over a multiyear period, as well as produced child pornography. These crimes are not mere petty offenses, and the Court cannot turn a blind-eye to their seriousness, nor can the Court overlook the effects a sentence reduction would have on the precedent it would set for future offenders, whether it be through diminished deterrence or a reduced promotion of justice.

Furthermore, the Court is skeptical that a sentence reduction here could be done harmoniously with § 3553(a)'s purpose of ensuring public safety. Defendant attempts to downgrade the concerns over public safety by submitting in depth that the combined effect of his prescribed medications would leave him effectively "chemically castrated." [DE 145 at 7–10]. But statements and reasoning like this, in light of his underlining conduct, only alarm the Court and highlight the very skepticism and concerns discussed above about maintaining public safety. Furthermore, assuming the Government is correct that Defendant's proposed post-release

residence is within a two-mile proximity of at least five elementary schools, there is even greater concern that future crimes would be committed.

**CONCLUSION**

For these aforementioned reasons, the Court **DENIES** Defendant's Motion for Compassionate-Release [DE 134].

SO ORDERED.

ENTERED: April 30, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court